# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PALM BEACH DIVISION

LINA TELUSNOR,

    Plaintiffs

                               CASE NO.

v.

FLANIGAN'S SEAFOOD BAR
AND GRILL,
                                               /

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, Lina Telusnor (hereinafter "Plaintiff") by and through undersigned counsel, and hereby brings this action for damages against the Defendant, Flanigan's Seafood Bar and Grill (hereinafter "Defendant"), and states and allege as follows:

### NATURE OF THE CASE

1. This is a 42 U.S.C §1981 claim arising out of Flanigan's Seafood Bar and Grill (hereinafter "Flanigan's") discrimination against Plaintiff.

## JURISDICTION & VENUE

2. <u>Jurisdiction</u>. This Court has original jurisdiction of plaintiff's Section §1981 claims pursuant to 28 U.S.C. §§1331 and 1343(a)(4) as this action involves a federal question regarding the deprivation of Plaintiff's rights under Section 1981.

3. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district. Flanigan's is subject to personal jurisdiction in this District because it maintains facilities and business operations in this District and committed the discriminatory acts alleged herein in this District.

## PARTIES

4. At all times herein, Defendant, was a corporation registered to do business in Florida and conducted business in Palm Beach County Florida.

5. At all times herein, Plaintiff, LINA TELUSNOR, was a citizen of the United States and a resident of Palm Beach County, Florida.

## GENERAL ALLEGATIONS

6. On July 21, 2019, Plaintiff Lina Telusnor and her family dined at Flanigan's, located at 2335 S. State Rd 7, in Wellington, Florida.

7. Plaintiff's husband Itlaire Telusnor noticed that his food was undercooked.

8. Plaintiff notified the server and spoke to the manager (Jane).

9. Plaintiff told the manager (Jane) the food was undercooked and demonstrated how undercooked the food was by cutting into it.

10. The manager (Jane) became noticeably upset and twice stated, "I can't do it with you people."

11. The manager (Jane) further stated, "You people are always asking to change stuff."

12. The Plaintiff asked the manager what she meant by "You People."

13. The manager (Jane) replied, "I mean you people."

14. The Plaintiff noticed a White family seated nearby who had issues with their food, and the food was replaced without incident.

15. The Plaintiff and her family felt demeaned by the incident and immediately reported it to the corporate office.

16. An employee from Flanigan's Corporate Office apologized for the incident, never told her that she was banned, and didn't indicate that the Plaintiff was at fault for the incident.

17. On December 18th, 2021, over two years later, the Plaintiff went to a different Flanigan's located at 330 Southern Blvd, in West Palm Beach, Florida, to pick-up food from the curbside pick-up area.

18. The Plaintiff was approached by the manager (Jill), who stated, "You know you're banned from Flanigan's; you can't order here, and you know that."

19. The Plaintiff was confused because she had been going to this particular Flanigan's for over two years without incident and had interactions with the manager (Jill) during those two years.

20. After the manager (Jill) realized the Plaintiff's daughter was recording the interaction, she changed her tone and told that she was banned because of the incident that happened over two years ago at Flanigan's at the Wellington location.

21. While speaking to the Manager of the Southern Boulevard location (Jill), the Plaintiff was told that she was banned from all Flanigan's by way of either the Manager at the Wellington Green location (Jane) or the Assistant Manager at the Wellington Green location.

22. The Plaintiff believed that Jane instructed Jill to ban the Plaintiff based on the incident she had with Jane over two years ago regarding the uncooked food and the "you people" comment.

23. All these acts and omission subjected Plaintiff to disparaging treatment by the Defendant.

24. Plaintiff alleges, on information and belief that Defendant refused Plaintiff the services requested and treated Plaintiff in a disparaging manner solely on account of her race, creed, color, or national origin.

25. Plaintiff was specifically targeted, isolated, and treated differently when compared to similarly situated Caucasian customers.

26. Defendant's actions have caused Plaintiff the need to retain an attorney to bring this cause of action against Defendant, and Plaintiff is entitled to reasonable attorney's fees, cost, and expenses she incurred in bringing this action.

## COUNT I
## VIOLATION OF 42 U.S.C. §1981

27. Plaintiff herein reallege and incorporate all the allegations set forth in paragraph 1 through 26, inclusive, as though fully set forth herein.

28. Plaintiff Telusnor is an African American Female and is therefore a member of a racial minority.

29. At all times Defendant was the owner, and in possession and control of Flanigan's Seafood Bar and Grill.

30. Defendant's discrimination against Plaintiff Telusnor is in violation of her rights afforded by the Civil Rights Act 1866, 42 U.S.C. §1981.

31. By the conduct described above, Defendant Flanigan's intentionally deprived the Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, in violation of 42 U.S.C. §1981.

32. Such discrimination would not have occurred but for Plaintiff Telusnor race, as evidenced by the Defendant's comments and treatment of Plaintiff versus the treatment of other White customers on the date of the incident.

33. As a result of Defendant Flanigan's discrimination in violation of Section 1981, Plaintiff Telusnor has been denied rights, benefits, and privileges and has suffered anguish, humiliation, distress, and inconvenience, thereby entitling her to equitable monetary relief, as well as compensatory damages.

34. Defendant Flanigan's, in its discriminatory actions, has acted with malice or reckless indifference to the Plaintiff's rights, thereby entitling her to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor against Defendant, containing the following relief:

A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic damages.

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for their mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

C. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiffs in an amount to be determined at trial, plus prejudgment interest.

D. An award of punitive damages.

E. An award of costs that Plaintiffs has incurred in this action, as well as Plaintiffs' reasonable attorneys' fees to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues of fact and damages stated herein.

Dated: February 8, 2023

**BLACK ROCK TRIAL LAWYERS, PLLC**

By:_____
Gil Sanchez, Esq.
Counsel for Plaintiffs
Florida Bar Number: 735981
201 S. Westland Ave.
Tampa, Florida 33606
(813) 254-1777 Office
(813) 254-3999 Facsimile
gil@blackrocklaw.com
litigation@blackrocklaw.com